# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Ethel L Joiner<br><br>Plaintiff,<br><br>v.<br><br>HSBC Finance Corporation<br>Defendant. | CASE NO. 11 B 10633<br>Judge Hon. Schmetterer<br>CHAPTER 13<br><br><br><br>ADV. NO. 11 AP 00945 |

## FINDINGS OF FACT

**A.    The Parties**

1.    The Plaintiff is Ethel L Joiner ("Plaintiff").

2.    The Defendant is HSBC Finance Corporation ("Defendant").

**B.    Factual Background**

1.    On or about March 15, 2011, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.    Plaintiff owns the real estate commonly known as 526 N. Lockwood Avenue, Chicago, IL 60644.

3.    That Green Tree Servicing LLC holds a first mortgage lien on the real property commonly known as 526 N. Lockwood Avenue, Chicago, IL 60644, with a secured claim of $167,722.14 pursuant to the secured proof of claim filed on March 28, 2011.

4. The Defendant holds a second mortgage lien on the real property known as 526 N. Lockwood Avenue, Chicago, IL 60644 in the approximate amount of $20,051.11 pursuant to the proof of claim filed in the Plaintiff's prior bankruptcy case, case 10-35612.

5. That the Plaintiff obtained an appraisal of the property on March 15, 2011 indicating the value of 526 N. Lockwood Avenue, Chicago, IL 60644 as $115,000.00.

6. The first mortgage lien of Green Tree Servicing LLC is a secured claim based on the mortgage recorded on November 19, 1999 as document number 09090393 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of HSBC Finance Corporation is a secured claim based on the mortgage recorded on December 29, 1998 as document number 08180161 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $940.00 per month for 36 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On April 20, 2011, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 526 N. Lockwood Avenue, Chicago, IL 60644.

11. That on April 20, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 1411 Schilling Place, Salina, CA 93901, and upon the registered agent, C T Corporation System at 208 S. LaSalle Street, STE 814, Chicago, IL 60604.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $115,000.00.

15. The first secured claim of Green Tree Servicing LLC in the amount of $167,722.14 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A.    Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.    Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of Green Tree Servicing in the amount of $157,230.14, and the second secured claim of HSBC Finance Corporation in the amount of $20,051.11.

5. That value of Plaintiff's residence is $115,000.00.

6. As there is no value or equity to support the second priority lien of HSBC Finance Corporation the claim is not a claim secured at all by a security interest in the

Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Dated: 7/1/11

Enter: _____
United States Bankruptcy Judge

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

JUL - 1 2011